## RIGHT TO JURY TRIAL CLAIMED TOO LATE.

Circuit Court of Cuyahoga County.

GEORGE F. KING v. GEORGE M. POTTER ET AL, TWO CASES.

Decided, December 28, 1908.

In a case at law but assumed by the parties to be in equity, where, on motion of the plaintiff, the case is referred to a special master commissioner to take evidence and submit it with his conclusions on the law and facts involved, which he does, and the plaintiff excepts to his report, whereupon the case is heard by the court upon the report and exceptions thereto and judgment rendered for the defendant, to which the plaintiff excepts, after judgment so entered it is too late for the plaintiff to claim his right to a jury trial.

W. D. Meals, for plaintiff in error.
H. A. Auer, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

These two proceedings grew out of a single case in the court of common pleas and the parties stand to each other in the same relation as they stood in the court below.

King sued Potter for commissions which he claimed to be due to him on the sale of certain goods. It is said by plaintiff in error that the case was one at law. Without determining whether or not this is so, we consider it upon the theory that the claim is right and that the parties were entitled to a jury trial; but it seems to have been assumed by both parties that it was a suit in equity, and on motion of the plaintiff the case was referred to a special master commissioner "to take the testimony in writing and such documentary and other evidence as may be submitted to him, and report the same to the court together with his conclusions on the law and facts involved in the issues; and said master commissioner is hereby authorized to summon and enforce the attendnce of witnesses and grant adjournments; that the testimony may be taken down in shorthand and afterwards reduced to writing and after the same is

reduced to writing the witnesses shall severally be required to subscribe their respective testimonies."

Under this order the case was referred to Hon. H. J. Caldwell, who proceeded to act under it and take the evidence and report the same, together with his conclusions on the law and the facts involved in the issues. This report having been filed, the plaintiff filed exceptions thereto. The case was heard upon the report and the exceptions by the court, and the defendant recovered of the plaintiff a sum of more than $1,800. An exception was taken to the action of the court in confirming the report and entering the judgment.

It is first urged that there was error on the part of the court in referring the case, because it was a case triable to a jury. We think this is sufficiently answered by Section 5204 of the Revised Statutes, which reads:

"In actions arising on a contract the trial by jury may be waived by the parties, and in other actions, with the assent of the court, in the following manner.

"1. By the consent of the party appearing, when the other party fails to appear at the trial, by himself or attorney.

"2. By written consent, in person, or by attorney, filed with the clerk.

"3. By oral consent in open court, entered on the journal."

Under this section it has been held that there where no objection is made to a trial by the court until after the issues are found it is too late to insist that the case should have been tried to a jury, nor can the party against whom the issues were found object to a judgment in accordance with such finding.

In *Bonowitz* v. *Bonowitz*, 50 O. S., 373, this language is used in the syllabus:

"1. A party may waive his right to a jury trial by acts as well as by words.

"2. And where in a case of which the court of common pleas having jurisdiction of the parties may also, by consent acquire jurisdiction to try the cause without a jury, the record shows that the parties appeared, and neither demanded nor waived a jury, but without objection submitted the cause to the court upon the pleadings, evidence and argument of counsel, it is not error for the court to proceed to final judgment in the case.

"3. An objection by the defeated party, first made after such submission and judgment, that his cause was not tried to a jury, comes too late."

It follows from this that the action of the plaintiff himself moving that the case be referred estops him from now complaining that there was no jury trial.

Under the Sections 5130 and 5131, Revised Statutes, cases which may be tried by the court may be referred by the court, so that the parties so having consented that a jury be waived, thereby consented that the case be tried by the court, it therefore follows that the court was authorized to try this case in any lawful way. It was lawful to refer the matter and have the evidence brought into court by the referee and it was clearly lawful for the court to learn from the referee by report or otherwise, as to what was proved by this evidence and what his judgment was as to the law governing the case.

The court was not bound to accept the judgment of the referee, either as to the facts or as to the law. The parties had a right to be heard upon it in court. They were heard, the plaintiff having excepted to both the findings of fact and the conclusions of law; and having been so heard the judgment rendered was the judgment of the court, in a case in which the parties had consented that a jury be waived. Upon that hearing the court gave its judgment for the defendant. We think it is now too late for the plaintiff to complain of this judgment or of any action of the court in relation therto, and it follows that the judgment of the court of common pleas is affirmed.